Filed 5/28/25  P. v. Zavala CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VINCENT ZAVALA,<br><br>    Defendant and Appellant. | B334464<br><br>(Los Angeles County<br>Super. Ct. No. PA097481) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Daniel B. Feldstern, Judge.  Affirmed.

Julie Caleca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Scott A. Taryle and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

A jury convicted Vincent Zavala of robbery and assault with a deadly weapon, and it found true allegations that he personally used a knife and inflicted great bodily injury on the victim. After the court struck one of Zavala's prior strikes, it sentenced him to 14 years in prison, including the upper term of five years for the robbery conviction, doubled to 10 years under the "Three Strikes" law, plus three years for the great bodily injury enhancement and one year for the personal use of a knife enhancement.

On appeal, Zavala argues the court abused its discretion when it sentenced him to an upper term for the robbery conviction because it failed to apply the lower-term presumption under Penal Code section 1170, subdivision (b)(6), based on evidence that he suffered physical trauma as a child. Zavala also asks us to conduct an independent review of the sealed transcript of the trial court's in camera review of officer personnel records under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

As we explain, Zavala has not shown the court abused its discretion when it imposed the upper, as opposed to the lower, term for his robbery conviction. We also have independently reviewed the sealed transcript from the trial court's in camera *Pitchess* hearing and conclude the court did not erroneously withhold any information from law enforcement personnel files. Accordingly, we affirm.

## BACKGROUND

In late October 2021, Zavala stole a bottle of perfume from a department store. Before leaving the store, Zavala approached the store's loss prevention officer and slashed his face with a knife.

In August 2023, the People charged Zavala with second degree robbery (§ 211) and assault with a deadly weapon (§ 245, subd. (a)(1)). The People alleged that Zavala personally used a deadly weapon, a knife, during the robbery (§ 12022, subd. (b)(1)) and, as to both counts, that he personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). The People further alleged that Zavala suffered two prior strike convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)–(j); 1170.12). Finally, the People alleged several aggravating sentencing factors under California Rules of Court, rule 4.421 (Rule 4.421).

In early September 2023, a jury found Zavala guilty of robbery and assault with a deadly weapon, and it found true the personal use of a knife and great bodily injury enhancements. In a bifurcated proceeding, the jury found that Zavala suffered two prior strike convictions, and it found true the following aggravating sentencing factors: (1) the crime involved great violence, great bodily harm, threat of great bodily harm, and other acts disclosing a high degree of cruelty, viciousness, and callousness (Rule 4.421(a)(1)); (2) Zavala engaged in violent conduct when he committed the charged offenses, indicating he is a serious danger to society (Rule 4.421(b)(1)); and (3) Zavala was armed with and used a weapon during the commission of the charged offenses (Rule 4.421(a)(2)).

Before sentencing, Zavala filed a motion to strike his prior strike convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero* motion). In a section of his motion titled "Social History," Zavala asserted that he was diagnosed with bipolar disorder and depression, and he claimed that he was "physically abused by his mother starting from the age of 6."

3

Zavala did not submit any reports, declarations, or other evidence to support his *Romero* motion.  Zavala also did not argue that his robbery and assault convictions were related to, or otherwise stemmed from, his childhood abuse.  Nor did Zavala ask the court to apply the lower-term sentence for his robbery conviction.

Zavala declined to be interviewed by the probation department.  The probation department recommended that the court deny placing Zavala on probation.

The court held the sentencing hearing in late September 2023.  The court granted Zavala's *Romero* motion in part, striking one of his prior strike convictions.  The court acknowledged that Zavala claimed he was diagnosed with bipolar disorder and depression and physically abused by his mother as a child.  The court also noted that Zavala engaged in "troubling" conduct in the courtroom during trial and that "he is a person that does not control his emotions whatsoever, and his emotions can be violent.  So one can clearly argue he is a danger to society. [¶] Some of his background with his family might explain some of that.  So I am taking that into consideration as mitigating factors that were provided to the court."

The court sentenced Zavala to 14 years in prison, consisting of the upper term of five years for the robbery conviction, doubled to 10 years under the Three Strikes law, plus three years for the great bodily injury enhancement and one year for the personal use of a knife enhancement.  The court imposed but stayed an 11-year term for Zavala's assault conviction.

The court explained how it calculated Zavala's sentence for the robbery conviction:  "[T]he court will impose the high term of five years in prison.  The high term is premised upon the jury's finding of the aggravating factors that were part of their verdict

that include findings pursuant to California Rules of Court 4.421(a)(1), 4.421(b)(1), and 4.421(a)(2). Those aggravating factors support the high term, in my view. [¶] The court is also looking at the fact that it could have imposed 25 years to life under the Three Strikes law and is not doing so. The court believes that this would be a just sentence overall. [¶] So the five-year sentence on count 1, the robbery is also inclusive of two enhancements. They include the personal infliction of great bodily injury upon the victim in this case under 12022.7(a). That enhances the penalties for count 1 by an additional three years. And he personally used a knife in the commission of that offense. [¶] The court finds that overall in the interest of justice and protection of society at large, that both enhancements are appropriate in this case. So the knife enhancement adds an additional one year. So the total sentence for count 1 is the high term of five plus three plus one. [¶] The court will indicate that it is imposing a second strike sentence on the high term which makes that sentence ten years. So the total sentence in this case is—for the robbery is ten years plus four years of enhancements for 14 years in state prison."

Zavala appeals.

## DISCUSSION

### 1. Section 1170, subdivision (b)(6)'s lower-term presumption

Zavala argues the court abused its discretion when it calculated his sentence for his robbery conviction. Specifically, Zavala argues that the court misapprehended its statutory obligation to apply section 1170, subdivision (b)(6)'s lower-term presumption after he asserted that he suffered physical trauma as a child.

5

We review a trial court's discretionary sentencing decisions for abuse of discretion.  (*People v. Knowles* (2024) 105 Cal.App.5th 757, 764 (*Knowles*).)  The court has wide discretion when weighing aggravating and mitigating sentencing factors.  (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.)  A court abuses its discretion, however, when it is unaware of the scope of its sentencing discretion.  (*People v. Salazar* (2023) 15 Cal.5th 416, 424.)

"We presume that the trial court acted to achieve legitimate sentencing objectives."  (*Knowles*, *supra*, 105 Cal.App.5th at p. 765.)  The party attacking his or her sentence bears the burden to affirmatively show the court misunderstood the scope of its sentencing discretion.  (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988 (*Fredrickson*).)  Unless the record affirmatively reflects otherwise, we presume the court understood the scope of its discretion and properly exercised it.  (*People v. Ochoa* (2020) 53 Cal.App.5th 841, 852.)  In other words, we will not infer error from a silent record. (*Knowles*, at p. 765.)

Effective January 1, 2022, Senate Bill No. 567 amended section 1170, the determinate sentencing law.  (Stats. 2021, ch. 731, § 1.3.)  First, the legislation amended section 1170, subdivision (b)(2), to prohibit imposition of an upper term sentence unless aggravating circumstances justify the upper term and the facts underlying the aggravating circumstances, other than a prior conviction, "have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).)

Second, Senate Bill No. 567 amended section 1170, subdivision (b)(6), to make the lower term the presumptive

sentence "if any of the following was a contributing factor in the commission of the offense: [¶] (A) The [defendant] has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] (B) The person is a youth or was a youth as defined under subdivision (b) of section 1016.7 at the time of the commission of the offense. [¶] (C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking." (*Ibid*.)  This presumption may be overcome if the court "finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (*Ibid*.)  As the statute's language makes clear, "the mere fact a defendant is young or has suffered past trauma is insufficient—either or both must be 'a contributing factor in the commission of the offense' for the low term presumption to apply." (*Knowles*, *supra*, 105 Cal.App.5th at p. 765.)

As a threshold matter, the People contend Zavala forfeited any challenge to the court's decision not to impose the lower term for his robbery conviction because he did not object on that ground below.  The court sentenced Zavala in late September 2023, almost two years after Senate Bill No. 567 went into effect.  Although Zavala asserted in his *Romero* motion that he was physically abused by his mother as a child, he did not ask the court to impose the lower term under section 1170, subdivision (b)(6)(A), or otherwise argue that his mother's physical abuse contributed to his robbery conviction.

Courts are currently split on whether a defendant can forfeit a claim on appeal that the trial court misunderstood the

7

scope of its sentencing discretion under section 1170, subdivision (b)(6).  (See *Fredrickson*, *supra*, 90 Cal.App.5th at p. 994, fn. 8 [claim that the trial court should have applied lower-term presumption is not subject to forfeiture]; but see *People v. Achane* (2023) 92 Cal.App.5th 1037, 1044–1047 [appellant forfeited challenge to trial court's decision not to apply lower-term under section 1170, subdivision (b)(6) by failing to raise issue below].)  We need not decide whether Zavala forfeited this claim because, assuming he did not forfeit it, he has not shown the court abused its discretion by not imposing the lower term for his robbery conviction.

Zavala has not shown that the lower-term presumption was triggered in this case.  To trigger the presumption, the record or the parties' arguments must put the trial court on notice that the defendant's physical or childhood trauma may have been a contributing factor in the commission of the underlying offense.  (See *Fredrickson*, *supra*, 90 Cal.App.5th at p. 994.)  It is not sufficient to show only that the defendant suffered physical or childhood trauma.  The record must also show that the trauma may have contributed to the underlying offense.  (*Id*. at pp. 993–994.)

Zavala asserted in his *Romero* motion that his mother started physically abusing him when he was six years old.  Zavala did not submit any evidence to support his claim, and there is no information about Zavala's social history in his probation report because he refused to be interviewed by the probation department.  Even if we assumed that Zavala's assertion in his *Romero* motion is sufficient to make a threshold showing that he was physically abused as a child for purposes of section 1170, subdivision (b)(6)(A), he points to nothing in the

8

record showing that trauma was a contributing factor in his commission of the robbery. (*Fredrickson, supra,* 90 Cal.App.5th at pp. 993–994 [the record must show that the defendant's trauma *contributed* to the underlying conviction].) Zavala never asserted below that any physical or childhood trauma contributed to his robbery conviction, nor did he otherwise ask the court to apply the lower-term presumption. While the court acknowledged that Zavala's "background with his family might explain" his "troubling" conduct in court and his inability to control his violent emotions, the court did not find that any physical or childhood trauma contributed to his robbery conviction.

Even assuming Zavala made a sufficient initial showing to trigger the lower-term presumption, the record does not affirmatively show the court failed to apply that presumption before deciding to impose an upper-term sentence for Zavala's robbery conviction. By the time of Zavala's sentencing hearing, section 1170, subdivision (b)(6)'s lower-term presumption had been in effect for nearly two years. Without evidence to the contrary, we must presume the court was aware of, and applied, the lower-term presumption when it sentenced Zavala. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; see also *People v. Campbell* (2023) 98 Cal.App.5th 350, 383 [we presume the trial court considered all relevant sentencing factors in the absence of an affirmative record to the contrary].) Nothing in the record shows the court was unaware of the lower-term presumption. Indeed, Zavala does not dispute that the court followed section 1170, subdivision (b)(2)'s requirements for imposing an upper-term sentence when it stated that it was relying only on aggravating sentencing factors that the jury found beyond a reasonable doubt.

(See § 1170, subd. (b)(2).) Section 1170, subdivision (b)(2), was amended at the same time as the statute's lower-term presumption in subdivision (b)(6). The court's compliance with section 1170, subdivision (b)(2), suggests that the court was aware of, and complied with, the rest of section 1170's requirements, including the statute's lower-term presumption in subdivision (b)(6).

In fact, the court acknowledged that Zavala claimed he suffered physical trauma as a child, but it nevertheless concluded that the aggravating sentencing factors that the jury found true beyond a reasonable doubt "support[ed] the high term," and that imposition of the high term "would be a just sentence overall." Although the court did not use language exactly mirroring section 1170, subdivision (b)(6), the record reflects the court considered Zavala's physical and childhood trauma but nevertheless found the aggravating sentencing factors justified, or outweighed, the mitigating circumstances. (See § 1170, subd. (b)(6).)

In sum, on the record before us, we cannot conclude that the court abused its discretion when it imposed the upper, as opposed to the lower, term for Zavala's robbery conviction.

## 2. *Pitchess* review

Before trial, Zavala filed a *Pitchess* motion, seeking personnel records for two police officers who were involved in the underlying investigation and interrogation. Zavala sought all records reflecting a propensity for dishonesty, including fabricating or planting evidence and witness tampering. The trial court granted Zavala's motion and conducted an in camera hearing, at which the custodian of records testified. The court ordered disclosure of information pertaining to two complaints

against the first officer and one complaint against the second officer. The court sealed the transcript of its in camera hearing, copies of which have been provided to this court.

Zavala asks us to conduct an independent review of the trial court's in camera review of the officers' personnel files to determine whether additional material should have been disclosed. The People do not oppose Zavala's request.

Under *Pitchess*, a defendant may move to disclose certain information contained in police officers' personnel files. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1225–1226 (*Mooc*).) The defendant must make a showing of good cause for discovery and demonstrate how the requested information is relevant to his or her defense. (*Id.* at p. 1226.) If the court finds good cause, it must hold an in camera hearing, during which the custodian of records brings "all documents 'potentially relevant' to the defendant's motion." (*Ibid.*) Subject to certain limitations, the court must disclose to the defendant " ' information [that] is relevant to the subject matter involved in the pending litigation.' " (*Ibid.*)

The trial court must make a record of its in camera review to allow for future appellate review. (*Mooc*, *supra*, 26 Cal.4th at pp. 1229–1230.) The court can make that record by copying the documents and placing them in a confidential file, preparing a sealed list of the documents it reviewed, or stating on the record what documents it examined. (*Id.* at p. 1229.) We review a trial court's decision on the discoverability of material in police personnel files for abuse of discretion. (*People v. Jackson* (1996) 13 Cal.4th 1164, 1220.)

We have reviewed the sealed reporter's transcript of the March 28, 2023 in camera hearing. The custodian of records

11

explained how he searched for responsive records for the two officers who were the subject of Zavala's *Pitchess* motion, and he brought several records that he believed were relevant to Zavala's request. The trial court described each of the records that the custodian provided and stated why it was either ordering disclosure of, or refusing to disclose, certain records. Having independently reviewed the sealed transcript of the in camera hearing, we conclude the trial court complied with proper *Pitchess* procedures and did not erroneously withhold any information from the officers' personnel files. (See *Mooc*, *supra*, 26 Cal.4th at pp. 1229–1230.)

## DISPOSITION

The trial court's judgment is affirmed.


VIRAMONTES, J.


WE CONCUR:



GRIMES, Acting P. J.



WILEY, J.

12